## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANA WRIGLEY** | **CIVIL ACTION NO: 2:20-cv-00597** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **OUTBACK STEAKHOUSE OF FLORIDA, L.L.C.** | **MAGISTRATE JUDGE KATHLEEN KAY** |

**MEMORANDUM IN SUPPORT MOTION TO STRIKE PLAINTIFF'S EXHIBITS ATTACHED TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel come Defendant, Outback Steakhouse of Florida, LLC ("Outback"), who respectfully moves to strike certain portions of Plaintiff's exhibits attached to her Opposition to Motion for Summary Judgment.

Defendant moves to strike the following exhibits attached to plaintiff's Opposition to Defendants' Motion for Summary Judgment:

1) Exhibit A[1], the deposition of plaintiff, page 19, line 24 through page 20, line 2; and

2) Exhibit B[2], the affidavit of plaintiff, paragraphs 5, 6, 7, and 8.

These exhibits contain plaintiff's self-serving "belief" of what she claims people who worked for Outback told her after the accident.  These exhibits are inadmissible as they are not based on personal knowledge, are inaccurate on their face, and are hearsay under the Federal Rules of Evidence. As such, defendant moves this Honorable Court to strike them from the record and consideration.

---

[1] All references to the testimony in Exhibit A refer to the testimony contained starting at page 19, line 24 through page 20, line 2

[2] All references to the testimony in Exhibit B refer to paragraphs 5, 6, 7, and 8.

## I.    STATEMENTS INADMISSIBLE BECAUSE NOT BASED ON PERSONAL KNOWLEDGE

Plaintiff's Exhibit A does not identify any specific employee.  She does not identify if the alleged employee was male or female, his/her position with the company, his/her name, or even a description of the employee.  She does not state the basis for the belief this individual was an Outback employee.  As such, if plaintiff's memory of what was said is accurate, Exhibit A does not provide a basis supporting the necessary requirement of proving whoever made the statement was making it in a representative capacity.

Plaintiff's Exhibit B provides a bit more information, but still does not provide proof as sufficient to satisfy her burden of personal knowledge.  Paragraph 5 and 6 relates what plaintiff claims to have heard from a person who she "believed" to be named, "John" and "who is believed to be the maître de at the restaurant".  Plaintiff gives no information, context, background, or bases for her *belief* this "John" was the maître de.  She does not say "John" identified himself as a maître de, employee of Outback, or as an employee with any specific position.  Plaintiff's entire statement is based on her belief, which Federal Courts have consistently rejected as a valid basis for an admissible affidavit.

> A statement that something is true "to [an individual's] knowledge" communicates that the individual lacks personal familiarity with the matter asserted. Such a statement, without more, therefore has no evidentiary value. *See, e.g.*, *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (concluding that an affidavit made "to the best of [declarant's] knowledge and belief" was not based on personal knowledge and was therefore "legally insufficient" to prove the truth of its ontents); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 414 (1st Cir. 2000) (same); *Garmon v. Lumpkin Cnty.*, 878 F.2d 1406, 1408–09 (11th Cir. 1989) (same); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam) ("[O]nly [an] affidavit made on personal knowledge has any value ('to the best of my knowledge and belief' is insufficient).").

*Njilefac v. Garland*, 20-60520 (US App. 5 Cir. 3/24/21), 992 F.3d 362 at Footnote 1.  Because

plaintiff's affidavit (Exhibit B) is based on her belief, and not personal knowledge, it has no

evidentiary value and is insufficient to be considered as evidence by this Honorable Court.

A review of the facts further demonstrates plaintiff's statements are not based on personal

knowledge and unreliable.  First, Outback does not have a position titled maître de.  In Exhibit B,

paragraph 5, plaintiff says she "believed" "John" was the maître de.  In Paragraph 9 she says she

met with a manager, thus implying these are two separate people.  Maître de is commonly used to

describe the head of a dining room staff.  At Outback, a manager is the head of the dining room

staff.  There is no maître de position that shares this responsibility.  Second, Outback has identified

<u>all</u> of the employees who were working at the Outback on the date of the accident, and none of

those employees had a first or last name of "John".[3]  In fact, Outback identified all of the

employees who interacted with customers on the date of the incident, and none had a first or last

name of "John."[4]  Finally, Outback identified the manager on duty at the time of the accident.  His

name was Nolan Richard, not "John."  Thus, plaintiff's "belief" is unreliable and inaccurate, which

is the exact reason Federal Courts have consistently rejected affidavits and testimony based on

belief, and not personal knowledge.  *Id.*  For these reasons, Outback moves this Honorable Court

to strike Exhibits A and B.

## II.    STATEMENTS INADMISSIBLE HEARSAY

The statements of plaintiff as to what alleged employees of Outback told her after the

accident are hearsay.  Federal Rule of Civil Procedure article 801 defines hearsay as follows:

> **(c) Hearsay.**  "Hearsay" means a statement that:
>
> > **(1)** the declarant does not make while testifying at the current trial or
> > hearing; and

---

[3] See Exhibit 1, Outback's Answers to Interrogatories, Answer to Interrogatory No. 2
[4] See Exhibit 1, Outback's Answers to Interrogatories, Answer to Interrogatory No. 3

> **(2)** a party offers in evidence to prove the truth of the matter asserted in
> the statement.

(Emphasis not added).  Plaintiff's testimony in Exhibits A and B amounts to her belief of what she alleges someone from Outback told her about the alleged wet area where she claims she fell. Obviously, it is plaintiff, not the actual declarants of these statements who are testifying.  Further, this testimony claims she was told of some air-conditioning issue that caused the wet area, and these statements are offered to prove the truth of the matter asserted in the statement.  Thus, Exhibits A and B fit the classic definition of hearsay under Rule 801.

Plaintiff's Opposition claims her hearsay statements fall within the definition of statements that are not hearsay.[5]  Specifically, plaintiff relies on Rule 801(d)(2) which states:

> **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
>
> > **(A)** was made by the party in an individual or representative capacity;
> >
> > **(B)** is one the party manifested that it adopted or believed to be true;
> >
> > **(C)** was made by a person whom the party authorized to make a statement on the subject;
> >
> > **(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> >
> > **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.
>
> The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

(Emphasis not added).  A review of plaintiff's description of the alleged employee declarants confirms plaintiff's hearsay statement does not fall under Rule 801(d)(2).

---

[5] See R. Doc. 17, page 3

### A.  *Exhibit A – Unidentified Employee(s)*

Plaintiff's testimony in Exhibit A does not identify or describe what person allegedly made this statement.  Plaintiff used the pronoun, "they".  Thus, it is unknown if this was a person or persons who allegedly made the statement.  Gender, position, identification, or description of the person or persons is missing from testimony.  Thus, plaintiff's testimony in Exhibit A does not provide a basis proving the person or persons who made the alleged statement was made by an employee or employees in their representative capacity.  It does not provide a basis for believing whatever statement was made was one Outback adopted or believed to be true.  Finally, it also lacks any foundation for the belief that this person or these persons were commenting on something within the scope of their employment at Outback.  As such, plaintiff's testimony in Exhibit A cannot and does not fit within Rule 801(d)(2) because it does not meet the requirements of same.

### B.  *Exhibit B(5) and (6) – "John"*

Plaintiff's Affidavit, Exhibit B, paragraphs 5 and 6, refence statements by someone plaintiff "believed to be named 'John'".  Plaintiff also "believed" "John" was Outback's maître de.  As discussed in the previous Sections, there was no person named "John" on duty at the time of the accident nor does the position of maître de exist at Outback.  Regardless of its inadmissibility for lack of personal knowledge, these paragraphs are inadmissible because they are hearsay.  The same arguments made for the unidentified employee(s) above can be made for "John".  Most convincing, however, is the fact that a maître de is expressing an opinion on the cause of condensation in an area of the building.  A maître de's job title surely would not include determination of causes of condensation, and this is especially true given that plaintiff admitted

there was a manager on duty.[6]  Thus, plaintiff did not show "John's" opinion would have been within the scope of his employment at Outback.

Further, "John's" opinion is not admissible because it is an opinion from a lay witness. Such an opinion on the cause of condensation in Outback in a certain area would require some specialized or technical knowledge to render it admissible.  Federal Rules of Evidence 701 allows an opinion of a lay witness only when it is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[7]  Fed. Rule Evid. Rule 702(c).  Thus, the statement by "John" is inadmissible because it is an impermissible opinion by a lay witness.

### C.  Exhibit B (8) – "Waitress"

The above facts and law also apply to the person plaintiff identified only as a female "waitress."  Most common understandings of the duties of a "waitress" would not include air-condition condensation issues.  Plaintiff cannot and does not establish the "waitress's" alleged statement is within the scope of the waitress's job description.  The affidavit does not establish the waitress had authority from Outback to render her opinion on the subject or rendering this opinion in any official capacity as a representative of Outback.  For these reasons, and for those reasons set forth in subsections A and B of this Section, the testimony of plaintiff in Exhibit B, paragraph 8, is inadmissible.

### D.  Same Facts – Western District Finds Statements Inadmissible

In *Patrick v. Texas Roadhouse, Inc.*, 17-0976, 2019 WL 846057 (LAWD, Shreveport, 2/21/19), a plaintiff, Patrick, attempted to prove constructive notice by using the testimony of a witness who testified that after his fall, "the employees told her several persons had previously slipped in the area."  *Id*. at 4.  After consideration of this testimony, the Court held that what a

---

[6] Exhibit B, paragraph 9
[7] Fed. Rule. Evid. Rule 701(c) (Emphasis added)

"waitress 'said'… is hearsay and not proper summary judgment evidence. Furthermore, the statement did not refer to a temporal proximity of the alleged slips in relation to Patrick's incident." *Id*. at 4. After that rejection, Patrick then relied on his own testimony regarding a conversation he had with a Roadhouse employee. He claims that employee told him there had been a problem with the floor where Patrick fell. *Id.* at 4. The Court held,

> Again, the unidentified employee's statement is hearsay evidence and not admissible. Furthermore, the Court has read Patrick's deposition testimony where he recalls his conversation with the Texas Roadhouse employee; Patrick's testimony fails to indicate a specific time, date, or location of the claimed problem on the floor. Thus, it does not create a genuine dispute of fact for trial.

*Id*. at 4. The *Patrick* attempts to circumvent the hearsay rule are identical to those in the instant case, and a same ruling should be rendered.

In *Allen v. State Farm Fire & Cas. Co.*, 17-406, 2019 WL 2066111 (LAWD 4/1/09), a plaintiff attempted to defeat a summary judgment by testifying as to an alleged conversation with an unidentified employee of the defendant. It was noted plaintiff's testimony offered "no evidence from which the Court can conclude that the requirements of 801(d)(2)(d) are met." *Id.* at 2. It was noted plaintiff was required to provide sufficient evidence to conclude the person who is alleged to have made the statement is in fact a party or agent for purposes of making the admission. *Id.* at 2. Without this knowledge, the Court could not find and did not find the statement fit the exception in Rule 801(d)(2). *Id.*

In *Smith v. Circle K Stores, Inc.*, 6:18-01192, 2021 WL 4853846 (LAWD, Lafayette, 10/18/21), Smith testified an unidentified Circle K employee said the mat she fell on should have bene removed and that another customer had a problem with the mat earlier that day. *Id.* at 6. The Court found the statements by an unidentified employee were inadmissible hearsay and not admissible as summary judgment evidence. *Id.* at 6.

There are numerous cases with identical holdings in the Middle and Eastern Districts as well as the U.S. Fifth Circuit Court of Appeal.  Without identification of the alleged declarants, plaintiff cannot meet her burden under Rule 802(d)2.  For this reason, and because these statements are not made on personal knowledge, defendant moves to strike Exhibit A, the deposition of plaintiff, page 19, line 24 through page 20, line 2; and Exhibit B, the affidavit of plaintiff, paragraphs 5, 6, 7, and 8, and prays for a judgment consistent with this prayer.

Respectfully submitted:

**NODIER LAW, LLC**

BY:     */s/ Matthew C. Nodier* _____

**MATTHEW C. NODIER, LSBA #25807**
**DANIEL E. BRAUNER, LSBA #37048**
**AMANDA E. McGOWEN, LSBA #33976**
8221 Goodwood Blvd., Suite A
Baton Rouge, Louisiana  70806
mcnodier@nodierlaw.com
debrauner@nodierlaw.com
aemcgowen@nodierlaw.com
Telephone:  (225) 448-2267
Facsimile:  (225) 636-2099

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on February 23, 2022, a copy of the foregoing Memorandum in Support Motion to  Strike Plaintiff's Exhibits Attached to Opposition to Motion for Summary Judgment was filed electronically with the Clerk of court using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification.

_____
MATTHEW C. NODIER