UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DANA WRIGLEY** | **CASE NO. 2:20-CV-00597** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **OUTBACK STEAKHOUSE OF FLORIDA L L C** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court are a Motion for Summary Judgment [doc. 15] and a Motion to Strike [doc. 18] filed by defendant Outback Steakhouse of Florida, LLC. Plaintiff opposes the Motion for Summary Judgment. Doc. 17.

**I.
BACKGROUND**

This suit arises from a fall allegedly suffered by plaintiff Dana Wrigley when she was entering an Outback Steakhouse restaurant in Lake Charles, Louisiana, on April 7, 2019. *See* doc. 1, att. 2. She contends that she was "in between the two sets of doors located at the entrance to the premises, when she slipped and fell due to the presence of a slippery substance near the front entrance, which was damp and/or wet due to weather and/or mechanical conditions," and that her fall resulted in serious injuries. *Id.* at ¶ 3. Plaintiff later provided an affidavit, stating that it was a warm and humid day with no precipitation when she fell. Doc. 17, att. 4.  In her deposition and affidavit she recalled that, after her fall, an employee who appeared to be the maitre'd and was wearing a name tag that said

"John" apologized, telling her that "the floor stays wet because of the heat outside and the air-conditioning inside, and it forms condensation on the floor." *Id.*; doc. 17, att. 3, pp. 1–2. She also recalled that the waitress who served her that day told her that people slipped in that location all the time. Doc. 17, att. 3, p. 1; doc. 17, att. 4.

Plaintiff filed suit against Outback in the 14th Parish Judicial District Court, Calcasieu Parish, Louisiana, raising claims under Louisiana tort law. Doc. 1, att. 2. Outback then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. It now moves for summary judgment, asserting that plaintiff cannot carry its burden under Louisiana law of showing that there was a hazardous condition of which Outback had actual or constructive notice. Doc. 15. It also moves to strike hearsay deposition testimony relied upon by plaintiff in its opposition. Doc. 18. Plaintiff opposes the Motion for Summary Judgment and responds therein to Outback's hearsay objections.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

**A. Exclusion of Hearsay**

On summary judgment, evidence may be considered to the extent that it is "not based on hearsay or other information excludable at trial." *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

In her opposition to the summary judgment motion plaintiff relies on her own deposition testimony and affidavit, in which she recounts two Outback employees telling

her that there was a recurring issue with moisture/slippery floors in the entranceway. Doc. 17, att. 3; doc. 17, att. 4. Outback now moves to strike these statements on the grounds that they are hearsay.

Under Federal Rule of Evidence 801(d)(2)(D), statements made by the agent or employee of an opposing party are not hearsay if they are made on a matter within the scope of that relationship while it existed. "The rationale for this rule is that an employee is usually the person best informed about acts committed in the course of his or her employment, and while still employed, an employee is unlikely to make damaging statements about his or her employer unless those statements are true." *Glover v. Walmart Stores Tex. LLC*, 2020 WL 5745811, at *2 (E.D. Tex. Aug. 7, 2020) (citing *Pappas v. Middle Earth Condo Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992)). The rule only requires that the statement concern a matter within the scope of the agency or employment; accordingly, an employee's statement about the cause of an accident she encountered within the scope of her job fall under the hearsay exception. *Id.* at *3; *see, e.g.*, *Hall v. Outback Steakhouse of Fla., LLC*, 2021 WL 4696039 (W.D. La. Oct. 7, 2021) (recorded statements made by restaurant employee on source of spill was not hearsay); *Cienfuegos v. Target Corp.*, 2021 WL 5889997 (S.D. Tex. Nov. 15, 2021) (statements by store employee who showed plaintiff's husband the shelves where she had tripped fell under hearsay exception). A name is not required in all cases, but "a district court should be presented with sufficient evidence to conclude that the person who is alleged to have made the damaging statement is in fact a party or an agent of that party for purposes of making an admission within the context of

Rule 801(d)(2)(D)." *Davis v. Mobil Oil Expl. & Producing Se., Inc.*, 864 F.2d 1171, 1174 (5th Cir. 1989).

Here plaintiff has only provided a first name for one of the employees, but has attested that both were wearing Outback uniforms and spoke to her in the restaurant within a short time of her fall, describing their knowledge of the restaurant and of prior incidents in the spot where she fell. These factors are sufficient for the court to ascertain that, for the purposes of this motion, the speakers were employees of the defendant at the time and that their statements concerned matters within the scope of that employment. The statements are therefore admissible under Federal Rule of Evidence 801(d)(2)(D).

### B. Summary Judgment

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

Outback argues that plaintiff's suit fails because she cannot satisfy the third element of the LMLA. "To survive a motion for summary judgment, a plaintiff must submit

'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v. Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). Plaintiff bears "an onerous burden" in satisfying this element. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

      The employee statements cited above are sufficient to impute knowledge to Outback of a recurring issue with condensation from the air conditioner leading to slippery conditions in the entranceway. As Outback points out, the statements contain no indication of the timing of prior incidents. But plaintiff stated in her deposition that it was a hot, humid day when she fell—precisely the kind of weather likely to cause a damp floor under the circumstances she alleges—and that the waitress described slips in the entranceway as a common occurrence. Given that multiple current Outback employees were aware of this issue, there is sufficient information to create an issue of fact on Outback's awareness that the floor was very likely to be damp and slippery on the day plaintiff slipped. Outback has produced no evidence showing that it took appropriate measures ahead of plaintiff's fall to remedy the condition or warn patrons of same. Accordingly, plaintiff's claim should be heard by a jury.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 15] and Motion to Strike [doc. 18] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 17th day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**